UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
)  Case No. 20-11168-JGR
SUMMERBROOK DENTAL GROUP, PLLC )
EIN: 61-1522031 )  Chapter 11, Subchapter V
)
Debtor. )

### ORDER CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION DATED SEPTEMBER 18, 2020 FOR SMALL BUSINESS UNDER CHAPTER 11, SUBCHAPTER V

The Second Amended Plan of Reorganization Dated September 18, 2020 for Small Business Under Chapter 11, Subchapter V (Docket No. 135) ("Plan") under Chapter 11 of the Bankruptcy Code filed by Summerbrook Dental Group, PLLC ("Debtor") having come before the Court for confirmation, any objections to confirmation of the Plan having been withdrawn, the Court having considered the Declaration of James T. Craig in Support of Confirmation of the Plan, the Court having reviewed the file, finds and Orders as follows:

1. That the Debtor has complied with all applicable provisions of Chapter 11, Subchapter V of the Bankruptcy Code and the Plan meets the requirements of Sections 1190 and 1191(a) of the Bankruptcy Code.

2. The provisions of Chapter 11 of the Bankruptcy Code have been complied with, in that the Plan has been proposed in good faith and not by any means forbidden by law.

3. That all insiders involved in the Debtor's post-confirmation activities are disclosed in the Plan and the exhibits thereto along with their relationship to and compensation from the Debtor.

4. That there exists no governmental regulatory commission having jurisdiction over the Debtor on setting rates and fees.

5. That each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan[1], that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

6. That all payments made or promised by the Debtor under the Plan or by any other person for services or costs and expenses in or in connection with the Plan or incident to the case have been fully disclosed to the Court and are reasonable or if to be fixed after confirmation of the Plan will be subject to approval of the Court.

---

[1] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Plan.

7. That all of attorney fees incurred pre-confirmation shall be subject to Court approval as to reasonableness pursuant to the applicable provisions of the Bankruptcy Code.

8. That the Debtor has filed a Summary of Voting Results and Status Report Ahead of Hearing on Confirmation of the Debtor's Plan (Docket No. 148) which provided, in part, as follows:

   a. Class 1 consists of the Allowed Unsecured Claims specified in Section 507(a)(4) and 507(a)(5) of the Code as having priority. Class 1 is unimpaired and is deemed to have accepted the Plan.

   b. Class 2 consists of the Allowed Secured Claim held by Independent Bank. Class 2 is impaired by the Plan. Class 2 did not vote on the Plan and is deemed to have accepted the Plan. *In re Ruti Sweetwater*, 836 F.2d 1263 (10th Cir. 1988).

   c. Class 3 consists of Allowed Secured Claim held by Byline Financial. Class 3 is impaired by the Plan. Class 3 did not vote on the Plan and is deemed to have accepted the Plan. *In re Ruti Sweetwater*, 836 F.2d 1263 (10th Cir. 1988.

   d. Class 4 consists of Allowed Secured Claim held by U.S. Bank, N.A. d/b/a U.S. Bank Equipment Finance. Class 4 is impaired by the Plan. Class 4 did not vote on the Plan and is deemed to have accepted the Plan. *In re Ruti Sweetwater*, 836 F.2d 1263 (10th Cir. 1988).

   e. Class 5 consists of Allowed Secured Claim held by FC Marketplace. Class 5 is impaired by the Plan. Class 5 voted to accept the Plan.

   f. Class 6 consists of Allowed Secured Claim held by On Deck. The Class 6 Claim was deemed wholly unsecured pursuant to 11 U.S.C. § 506 and treated as a Class 7 Unsecured Claim.

   g. Class 7 consists of the Allowed Claims held by unsecured creditors. Class 7 is impaired and has voted to accept the Plan.

   h. Class 8 consists of the Interests in the Debtor. Class 8 is unimpaired by the Plan and is deemed to have accepted the Plan.

   i. Class 9 consists of the Interests in the Debtor. Class 9 is unimpaired by the Plan and is deemed to have accepted the Plan.

9. That on the Effective Date of the Plan, all property of the estate will revest in the Debtor free and clear of all liens and claims, except as otherwise provided in the Plan or this Order.

10. That the Debtor shall receive a discharge pursuant to Section 1141(d) upon the Effective Date of the Plan of all claims in accordance with 11 U.S.C. 1191(a) and 1192. Confirmation of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date.

11. That any objections to confirmation of the Plan having been withdrawn, resolved by Stipulation, or overruled.

12. The Plan otherwise meets the requirements for confirmation specified under 11 U.S.C. §1129.

IT IS HEREBY ORDERED

That the Second Amended Plan of Reorganization Dated September 18, 2020 (Docket No. 135), filed by the Debtor on February 11, 2021, as amended by the Amendment to the Second Amended Plan (Docket No. 144) and by this Order is hereby CONFIRMED.

DONE and entered this __25th__ day of March, 2021 at Denver, Colorado.

BY THE COURT:

_____
Honorable Joseph G. Rosania
United States Bankruptcy Court